UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JAMES E. GANDY,

Plaintiff,

v.

BRUCE DUFFY et al,

Defendants.

Case No. 1:21-cv-00313-BLW

**SUCCESSIVE REVIEW ORDER**

Before the Court is Plaintiff James E. Gandy's Amended Complaint (Dkt. 7). On November 4, 2021 the Court issued an Initial Review Order in this case. (Dkt. 6). The Court granted Plaintiff's Application to Proceed in Forma Pauperis in part and ordered him to make monthly payments toward the filing fee in this case. The Court also reviewed and dismissed the Complaint without prejudice for failure to state a claim upon which relief could be granted. The Court granted Plaintiff leave to amend the Complaint.

After the Court's Initial Review Order, Plaintiff filed an Amended Complaint (Dkt. 7). The Court has reviewed the record and the amendment to Plaintiff's Complaint. For the reasons explained below, the Court will dismiss the case with prejudice.

1.      **Screening Standard**

When a plaintiff seeks to proceed in forma pauperis, the Court is permitted

to conduct a review of the pleadings to determine whether summary dismissal is

appropriate. *See* 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss an action or

any portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon

which relief can be granted; or (3) seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). Further, "[i]f the court

determines at any time that it lacks subject matter jurisdiction, the court must

dismiss the action." Fed. R. Civ. P. 12(h)(3).

2.      **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to

state a claim for relief under Rule 8 if the factual assertions in the complaint, taken

as true, are insufficient for the reviewing court plausibly "to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a

plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-

me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are

"merely consistent with a defendant's liability," or if there is an "obvious

alternative explanation" that would not result in liability, the complaint has not

stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Additionally, a court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim.

## 3.    Discussion

The Court determined in its Initial Review Order that Plaintiff had not established that the Court has subject matter jurisdiction and failed to state a claim upon which relief may be granted. The Court's Order explained the deficiencies in his Complaint and allowed plaintiff the opportunity to amend the Complaint to address these deficiencies. In his Amended Complaint, Plaintiff continues to seek an easement by necessity and an injunction against Defendants to prevent interference with his use of the easement. After reviewing all the pleadings in this case, the Court finds that Plaintiff has not corrected the deficiencies as outlined in the Initial Review Order. The Court's reasoning is set forth below.[1]

### a.  Jurisdiction

Plaintiff has not established that the Court has jurisdiction over his case. To invoke a court's subject matter jurisdiction, a plaintiff must provide "a short and

---

[1] The Initial Review Order (Dkt. 6) summarized the factual allegations contained in the Complaint. The Court incorporates that summary by reference here. Therefore, this Order will limit its discussion to supplementary facts asserted in Amended Complaint that are relevant to the Court's determination if the Amended Complaint is subject to summary dismissal.

plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).
The pleadings must allege facts, not mere legal conclusions, to establish the court's
jurisdiction. *See Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If the Court
lacks subject matter jurisdiction, Plaintiff's case must be dismissed.

Federal courts have jurisdiction over (1) claims arising under federal law, 28
U.S.C. § 1331; and (2) other claims if the parties do not reside in the same state
and the Plaintiff seeks more than $75,000, 28 U.S.C. § 1332(a). Plaintiff has not
asserted any new claims under federal law, therefore, he must establish that the
Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

Under 28 U.S.C. § 1332, the court has jurisdiction over civil actions where
the matter in controversy exceeds the sum or value of $75,000, exclusive of
interest and costs, and is between . . . citizens of different States. "In actions
seeking declaratory or injunctive relief, it is well established that the amount in
controversy is measured by the value of the object of the litigation." *Corral v.
Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017). Although the
sum claimed by the plaintiff controls if the claim is apparently made in good faith,
if it appears to a legal certainty that the claim is really for less than the
jurisdictional threshold, then the case may be dismissed for lack of subject matter
jurisdiction. *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015) (citing *Pachinger
v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363–64 (9th Cir. 1986)).

The Court explained in the Initial Review Order that Plaintiff established that total diversity exists among the parties of this action. However, Plaintiff failed to satisfy the amount in controversy requirement. The Amended Complaint fails to remedy this deficiency. Plaintiff merely repeats his claim that he is entitled to roughly $90,000 in damages based on "COVID pandemic pay for nearly two years at $600 per week plus the lands [sic] current real value and/or assessed value at $25k." (Dkt. 7 at 2). As the Court explained in the Initial Review Order, this is not the correct measure of the amount in controversy in this case because the "objects of the litigation," by which the Court measures the amount in controversy, are the easement by necessity and the injunction against Defendants interfering with the easement. Both the Complaint and the Amended Complaint claim that the value of Plaintiff's property is currently $25,000. The Court finds that it is virtually impossible that the value of the easement on said property and the injunction sought could exceed the jurisdictional threshold of $75,000. Thus, the Court does not have diversity jurisdiction, and this action must be dismissed.

### b.  Failure to State a Claim

Plaintiff's Complaint is also fails to state a claim upon which relief may be granted. While Courts generally construe pro se pleadings liberally, plaintiffs—appearing pro se or through counsel—bear the burden of alleging sufficient facts to support review of their claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

If a plaintiff fails to do so, the Court must dismiss the claims. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff seeks an easement by necessity and injunctive relief to prevent interference with the use of the easement. Under Idaho state law, a plaintiff seeking an easement by necessity must prove (1) unity of ownership prior to division of the tract; (2) necessity of an easement at the time of severance; and (3) great present necessity for the easement. *Capstar Radio Operating Co. v. Lawrence*, 283 P.3d 728, 736 (Idaho 2012). The factual allegations in Plaintiff's pleadings, even construed liberally, fail to state a claim for relief that is plausible on its face.

In the Initial Review Order, the Court explained that although Plaintiff has plausibly shown there is a present necessity for an easement, he failed to establish that his property was under unity of ownership and was subsequently divided. Consequently, the Complaint also failed to allege facts that plausibly showed an easement was necessary at the time of the subdivision. Plaintiff's Amended Complaint does not remedy these deficiencies.

In the Amended Complaint, the only additional information provided about the condition of Plaintiff's property is a description of an access road he asserts would provide access to his property. Plaintiff alleges that this access road is an existing easement utilized by utility companies and other neighboring landowners,

but that he has been denied access to the road. (Dkt. 7 at 11). This information fails to establish that the property was under unity of ownership and was subsequently subdivided. It also fails to show that an easement was necessary at the time of severance. Therefore, the pleadings fail to plausibly state a claim for which relief can be granted, and the Amended Complaint is subject to dismissal.

### c.  Opportunity to Amend

The Court now considers whether to allow Plaintiff another opportunity to amend the Complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). However, the court may deny leave to amend if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

By Plaintiff's own pleadings, the property in question is valued at only $25,000.  This makes it virtually impossible for Plaintiff to meet the amount in controversy requirement for a claim of easement by necessity related to this property. Therefore, the Court finds that further amendment would be futile. Accordingly, this case will be dismissed with prejudice.

**IT IS ORDERED that:**

1.      Plaintiff's Motion to Amend Complaint (Dkt. 7) is **DENIED.**

2.      The Complaint and Amended Complaint are **DISMISSED with**

   **prejudice**.

3.      Plaintiff's Motion to File Under Seal (Dkt. 5) is DENIED.

4.      The Court will enter a separate judgment in accordance with Federal

   Rule of Civil Procedure 58.

DATED: March 4, 2022

B. Lynn Winmill
U.S. District Court Judge

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 8